# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROBERT L. HAINES,           )
                            )
    Plaintiff,             )
                            )
v.                          )       Case No. CV409-069
                            )
CITY OF SAVANNAH;           )
WILLIE TITUS YANCEY II,     )
                            )
    Defendants.            )

## **REPORT AND RECOMMENDATION**

Proceeding pro se, Robert L. Haines moves this Court for leave to proceed in forma pauperis (doc. 2) so that he may file what appears to be a 42 U.S.C. § 1983 case against the City of Savannah and Willie Titus Yancey, II. He swears that he is indigent and living on disability or workers compensation payments with no savings or assets. Doc. 2 at 1-2. The Court therefore **GRANTS** him leave to proceed IFP. Doc. 2.

However, 28 U.S.C. § 1915(e)(2) authorizes this Court to

> dismiss a . . . civil rights action sua sponte at any time for failure to state a claim "if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007). This Court assumes the truth of well-

pleaded factual allegations, viewing them in the light most favorable to the Plaintiff. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007). A court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face." ' *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. *Id.* (emphasis in original).

*Hill v. City of Midwest City*, 2008 WL 2329197 at * 4 n. 5 (W.D.Okla. Apr. 23, 2008) (unpublished), *Report and Recommendation Adopted in Part, Rejected in Part by Hill v. City of Midwest City*, 2008 WL 2329195 (W.D.Okla. Jun 05, 2008) (unpublished). Nothing in plaintiff's complaint comes close to meeting this standard. He alleges that

> [o]n 03-02-09 and 04-13-09 Defendant Willie Titus Yancey II, along with an unknown prosecutor in the Chatham County (Georgia) courthouse, RM B for the City of Savannah did with intent denied] the Plaintiff Robert L Haines due Process of law, by denying the Plaintiff to] his secured rights in accordance with both the United States Constitution, and the Georgia Constitution, Bill of Rights. The Plaintiff Demanded [sic] his Right to a Jury Trial and Requested appointment of an Attorney due to his ignorance of the law. Defendant Yancey stated to the Plaintiff that he does not have a right to a Jury Trial and he does not have a right to an Attorney. Defendant Yancey has no authority to over rule the Supreme law of the land, no more then a criminal has the right to violate the Law. The City of Savannah local ordnances have no authority to over rule the Supreme law of the Land, The Supreme Court has ruled on multiple occasions that any law; rule or codes that contradicts or tries to over rule the Supreme law of the land is null and void! Also

2

the City of Savannah has no authority *to trust pass on private property* without due process of law, with out a Court order signed by a Judge through the Judicial process or invitation by the owner. Public Officials are bound by an Oath of Affirmation, and their authority stops where the private property of a citizen begins.

Doc. 1 at 1-2 (emphasis added) (original typos and errors unaltered).

Other than demanding $675,000 "for Denial of Due Process of Law," *id.* at 1, plaintiff says nothing more here. He thus fails to plead facts showing, for example, *how* he was "trust pass" (trespassed?) against, or *how* his due process rights were violated, much less by whom. Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and thus are liberally construed, but "this leniency does not give a court license to serve as de facto counsel for a party . . . ." *Smith v. Belle*, 2009 WL 724028 at * 4 (11th Cir. Mar. 20, 2009) (unpublished) (quotes and cite omitted). Only by engaging in speculation and advocacy could the Court fill in the fatal gaps here, and that is simply not permitted. *Weaver v. Geiger*, 294 Fed.Appx. 529, 532 (11th Cir. 2008) ("For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is without arguable merit either in law or fact. . . . The factual allegations set forth must be sufficient to raise a right to relief above the speculative level").

Accordingly, the Court should **DISMISS** plaintiff's Complaint with prejudice for failure to state a claim for relief.

**SO REPORTED AND RECOMMENDED** this  20th  day of April, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
